CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JARVIS JUWON JACKSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:24-cv-00147 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ROBINSON, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jarvis Juwon Jackson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Before the court is a motion to transfer filed by Jackson. (Dkt. No. 27.) Plaintiff requests a transfer because he fears retaliation for filing this lawsuit. For the reasons stated below, the court construes this motion as a request for preliminary injunctive relief and denies the motion.

In his lawsuit, Jackson alleges that the two defendants, Collins and Robinson, correctional officers at Red Onion State Prison, failed to protect him from two separate attacks by fellow inmates. (*See* Compl.) In his motion to transfer, plaintiff explains that he is now housed at Wallens Ridge State Prison, and he has been receiving threats from people working at Wallens Ridge as retaliation for filing this lawsuit. (*See* Dkt. No. 27; *see also* Dkt. No. 8 (letter regarding treatment at facility).) Jackson alleges that "family members" of unspecified Red Onion officials "work here" at Wallens Ridge and he is "receiving threats that if I don't drop this lawsuit, they're going to kill me." (Dkt. No. 8 at 1.) Jackson also asserts that he was assaulted by unspecified persons at Red Onion in retaliation for this lawsuit before being "shipped" to Wallens Ridge. (*Id.*)

The court construes Jackson's request for transfer as a motion for a preliminary injunction or a temporary restraining order. *See, e.g.*, *Campbell v. Smith*, C.A. No. 0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Jackson's request for injunctive relief is unrelated to the claims in his complaint, in which he alleges that correctional officers at Red Onion State Prison failed to protect him from being assaulted by other inmates. In his motion to transfer, he alleges that officers employed at a separate institution are threatening him. Officers Collins and Robinson, the defendants in this action, have no authority to transfer plaintiff to another institution, and they are not the ones that are allegedly now threatening plaintiff at Wallens Ridge. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-

parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Moreover, Jackson has failed to meet the heavy burden to justify court interference in matters of prison administration. His vague allegation of threats by unnamed persons at Wallens Ridge is not a sufficient basis for the court to interfere in the day-to-day operation of a corrections facility. This vague allegation by unknown persons is essentially no evidence at all. *See, e.g.*, *Rose v. Damron*, Case No. 2:16-cv-242, 2018 WL 4291914, at *2 (W.D. Mich. July 24, 2018) (denying motion to transfer by prisoner who "presented no evidence that he has received any threats of bodily harm or physical attack" and explaining that "speculation is not sufficient to establish that he faces irreparable harm").

For these reasons, it is HEREBY ORDERED that plaintiff's motion to transfer (Dkt. No. 27) is DENIED. The Clerk is directed to transmit a copy of this opinion and order to plaintiff and to all counsel of record.

Entered: July 8, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge