CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JARVIS JUWON JACKSON,<br>    Plaintiff, | )<br>)<br>)   Civil Action No. 7:24-cv-00147<br>) |
| v. | )<br>) |
| ADAM ROBBINS, *et al.*,<br>    Defendants. | )   By: Elizabeth K. Dillon<br>)       Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jarvis Juwon Jackson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Before the court are a motion to set aside default by the defendants, Adam Robbins and Evan Collins (Dkt. No. 34), and motions for default judgment by Jackson (Dkt. Nos. 36, 37, 38). Also before the court is a motion to transfer filed by Jackson. (Dkt. No. 39.) For the reasons stated below, the court will grant defendants' motion to set aside the default, deny plaintiff's motions for default judgment, and deny plaintiff's motion to transfer.

**I. Procedural History**

Jackson filed this action on February 23, 2024. Jackson alleges that the two defendants, Collins and Robbins, failed to protect him from two separate attacks by fellow inmates at Red Onion State Prison. (*See* Compl.) Jackson is currently housed at Wallens Ridge State Prison.

Through the Office of the Attorney General as counsel, Robbins executed a waiver of service, and his answer was due by May 14, 2024. (Dkt. No. 18.) Counsel initially declined service for Collins. (Dkt. No. 19.) Collins was served by the United States Marshal, and his answer was due by June 6, 2024. (Dkt. No. 26.) Neither defendant filed an answer or other responsive pleading by their respective deadlines.

On September 3, 2024, the magistrate judge entered an order directing the Clerk to enter default against Robbins and Collins.  (Dkt. Nos. 31, 32.)  Six days later, counsel entered an appearance for Collins and filed a motion to set aside the default for both defendants.  (Dkt. Nos. 33, 34.)

In his motion to transfer, Jackson states that he is being threatened and his life is in danger at Wallens Ridge.  He states that the reason he was assaulted at Red Onion was due to an individual named Major King, and Major King is now the hearing officer at Wallens Ridge.  (Dkt. No. 39.)  Jackson describes this as a "conflict of interest," and he fears that his "life is in danger" and would like a "transfer immediately".  (*Id.*)  The court has denied a previous motion to transfer on the grounds that Jackson's request was "unrelated to the claims in his complaint" and that Jackson "failed to meet the heavy burden to justify court interference in matters of prison administration."  (Dkt. No. 30.)

## II.  Default Judgment

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "The disposition of motions made under [Rule 55(c)] is a matter which lies largely within the discretion of the trial judge . . ."  *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).  Courts consider whether the moving party has a "meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Id.* at 204–05.  The Fourth Circuit has stated a "strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).  The court finds that the majority of the *Payne* factors weigh in favor of setting aside the default.

First, defendants are likely to have valid and meritorious defenses to Jackson's complaint. Counsel represents that Jackson's grievance history indicates that he may not have exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(a). Moreover, the complaint does not contain allegations suggesting that Jackson was particularly vulnerable to an assault, or that the inmate who assaulted him was prone to violence. *See, e.g., Fishburne v. S.C. Dep't of Corr.*, C/A No. 8:23-cv-5469-TMC-WSB, 2025 WL 581890, at *8 (D.S.C. Jan. 17, 2025) (stating that an Eighth Amendment failure to protect claim may be stated where "custodians know of threats to specific prisoners posed by a specific source, or place prisoners in the same cell as an inmate known to have violent propensities") (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

Second, the defendants were not personally responsible for the default. Counsel represents to the court that after Collins was served, but before his response was due, Collins contacted the Office of the Attorney General and the Virginia Treasury's Department of Risk Management, requesting that he be represented by counsel from the OAG as a former employee of the Virginia Department of Corrections. Counsel intended to file a motion to enlarge the time for Robbins to answer while awaiting approval to also represent Collins. Due to an administrative error in counsel's electronic case management system, the response dates were not tracked by counsel. This, in addition to administrative and staffing changes, resulted in the default. Thus, the default occurred through no fault of either Collins or Robbins, and this factor favors setting aside the default.

Third, counsel acted with reasonable promptness by filing a motion to set aside the default within six days of the entry of default. *See, e.g., Superior Performers, Inc. v. Thornton*, 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (finding reasonable promptness where the defendants moved to set aside the entry of default less than two months after the entry of default). Also, neither defendant has a history of dilatory action.

Fourth, setting aside the default would not prejudice Jackson. While the default has caused some delay, "delay in and of itself does not constitute prejudice to the opposing party," and "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton*, 616 F.3d at 418–19.

Fifth and finally, defendants have represented that they will forego filing a Rule 12(b)(6) motion to dismiss, even though counsel would otherwise be inclined to file such a motion, and instead propose filing an answer and litigating this case on the merits. The court agrees with this course of action as a less drastic sanction than a default judgment.

For these reasons, the court will grant defendants' motion to set aside the default.

### III. Motion to Transfer

As the court did previously, the court construes Jackson's motion for transfer as one for injunctive relief. (*See* Dkt. No. 30.) *See, e.g.*, *Campbell v. Smith*, C.A. No. 0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

As stated, Jackson asserts that he is being threatened and his life is in danger at Wallens Ridge. He states that the reason he was assaulted at Red Onion was due to an individual named Major King, and Major King is now the hearing officer at Wallens Ridge. (Dkt. No. 39.) Plaintiff describes this as a "conflict of interest," and he fears that his "life is in danger" and would like a "transfer immediately" out of the Western Region. (*Id.*)

Jackson's motion for transfer will be denied for many of the same reasons that the court denied his first motion to transfer. His request for injunctive relief is unrelated to the claims in his complaint, which allege that correctional officers at Red Onion failed to protect him from being assaulted by other inmates. In his motion to transfer, Jackson alleges that he feels threatened at a separate institution, Wallens Ridge, where he is currently housed. Officers Collins and Robinson, the defendants in this action, have no authority to transfer Jackson to another institution, and they are not the ones that are allegedly now threatening plaintiff at Wallens Ridge. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Moreover, Jackson has once again failed to meet the heavy burden to justify court interference in matters of prison administration. He presents no evidence that he has received any threats of bodily harm or physical attack at Wallens Ridge. *See, e.g.*, *Rose v. Damron*, Case No. 2:16-cv-242, 2018 WL 4291914, at *2 (W.D. Mich. July 24, 2018) (denying motion to transfer by prisoner who "presented no evidence that he has received any threats of bodily harm

or physical attack" and explaining that "speculation is not sufficient to establish that he faces irreparable harm").

The court will accordingly deny Jackson's motion for transfer.

## IV. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that defendants' motion to set aside default (Dkt. No. 34) is GRANTED. The entry of default (Dkt. No. 32) is VACATED. The Clerk of Court shall file the proposed answer (Dkt. No. 35-1) as a separate docket entry that is labeled the defendants' answer. Plaintiff's motions for default judgment (Dkt. Nos. 36, 37, 38) are DENIED.

It is FURTHER ORDERED that Jackson's motion for emergency transfer (Dkt. No. 39) is DENIED.

It is also ORDERED that pursuant to Standing Order 2024-16, the defendants are hereby DIRECTED to file, not later than forty-five (45) days after entry of this order, either: (1) a motion for summary judgment supported by affidavits; or (2) a notice stating that defendants do not intend to file a summary judgment motion at this time.

The Clerk is directed to transmit a copy of this memorandum opinion and order to Jackson and to all counsel of record.

Entered: April 17, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge